IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JEAN VICTORIA COBB, by
next friend, BONNIE MALLARDI,
power of attorney,

    Plaintiff,

v.                                              No. 13-1321

TENNESSEE VALLEY AUTHORITY,

    Defendant.

_____

ORDER DISMISSING COMPLAINT
_____

This action was brought by Plaintiff, Jean Victoria Cobb via Bonnie Mallardi as next friend and power of attorney, on December 6, 2013 alleging that an employee of Defendant, Tennessee Valley Authority ("TVA"), negligently caused her injury in a car accident occurring on December 7, 2011. (Docket Entry ("D.E.") 1.) Before the Court is TVA's December 20, 2013 motion to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) or to alternatively grant summary judgment under Rule 56. (D.E. 4.)

STANDARD OF REVIEW

A defendant may move to dismiss a complaint under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." When considering the motion, a district court should construe the complaint in the "light most favorable" to the non-moving party and accept all "well-pled allegations as true." Terry v. Tyson Farms, Inc., 604 F.3d 272, 274 (6th Cir. 2010) (citing Jones v. City of Cincinnati, 521 F.3d 555, 559 (6th Cir. 2008)). A claim is well-pled when "it contains 'either direct or inferential allegations respecting all material elements' necessary for

recovery under a viable legal theory." Phil. Indem. Ins. Co. v. Youth Alive, Inc., 732 F.3d 645, 649 (6th Cir. 2013) (quoting Terry, 604 F.3d at 275–76). While "detailed factual allegations" are unnecessary, a plaintiff must still "provide the grounds of his entitlement to relief" beyond just "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) (internal citations and quotation marks omitted); see Terry, 604 F.3d at 275–76 (A court does not have to accept as true mere "legal conclusions or unwarranted factual inferences.")

A court faced with a 12(b)(6) motion must typically limit its consideration to the pleadings or convert it to a motion for summary judgment under Federal Rule of Civil Procedure 12(d). Tackett v. M & G Polymers, USA, L.L.C., 561 F.3d 478, 487 (6th Cir. 2009). However, "a court may take judicial notice of other court proceedings," Buck v. Thomas M. Cooley Law Sch., 597 F.3d 812, 816 (6th Cir. 2010) (citing Winget v. JP Morgan Chase Bank, N.A., 537 F.3d 565, 576 (6th Cir. 2008)), and "'consider exhibits attached to the complaint, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims therein, without converting the motion' into a motion for summary judgment." LeBlanc v. Bank of Am., N.A., No. 2:13-CV-02001-JPM-tmp, 2013 WL 3146829, at *4 (W.D. Tenn. June 18, 2013) (quoting Rondigo, L.L.C. v. Twp. of Richmond, 641 F.3d 673, 680–81 (6th Cir. 2011)).

## FACTS ALLEGED

Plaintiff has alleged the following facts. Cobb is an incompetent adult suffering from dementia and residing in Brownsville, Haywood County, Tennessee. On December 7, 2011, she was driving south on South Grand/70 West before coming to a complete stop at the intersection of South Grand and the Highway 19 West Bypass in Haywood County. Thomas W. Smith, an

employee or agent engaged in the business of TVA, negligently failed to yield at the intersection and struck Cobb's vehicle causing her injury.

ANALYSIS

**A. Rule 12(b)(6) Applies**

Initially, the Court must determine whether TVA's motion is properly considered as a motion to dismiss under Rule 12(b)(6), or as a motion for summary judgment under Rule 56. Plaintiff insists that Defendant's motion must be treated as one for summary judgment because TVA has relied upon two attached documents which are extrinsic to the pleadings. (D.E. 5 at 1–2.) She then offers her own extraneous documents to counter TVA's assertions. Defendant argues that the documents can be considered without converting the motion because both constitute exceptions for what may be considered contemporaneously with the pleadings under Rule 12(b)(6). (D.E. 6 at 2–3.) Addressing this argument is unnecessary. As described herein, the Court finds that Plaintiff's complaint fails to state a claim for relief as a matter of law without any consideration given to the extrinsic documents. See, e.g., Tackett, 561 F.3d 478, 488 (refusing to consider matters extrinsic to the pleadings and applying Rule 12(b)(6)); BHS Corrugated-N. Am., Inc. v. Int'l Ass'n of Bridge, Structural, Ornamental & Reinforcing Iron Workers (AFL-CIO), Shopmen's Local 812, No. 3:13-CV-67, 2013 WL 3341058, at *3 (E.D. Tenn. July 2, 2013) (declining to consider extraneous evidence and convert motion).

**B. Tenn. Code Ann. § 28-1-106 Sets An Objective Standard**

In Tennessee, with limited exception, any action for "injuries to the person" must "be commenced within one (1) year after the cause of action accrued." Tenn. Code Ann. § 28-3-104(a)(1). One exception to this general rule states that

> [i]f the person entitled to commence an action is, at the time the cause of action accrued, either under eighteen (18) years of age, or *adjudicated incompetent*, such person, or such person's representatives and privies, as the case may be, may commence the action, *after legal rights are restored*, within the time of limitation for the particular cause of action, unless it exceeds three (3) years, and in that case within three (3) years from restoration of legal rights.

Tenn. Code Ann. § 28-1-106 (emphasis added). This statute was amended by the Tennessee legislature effective July 1, 2011. 2011 Tenn. Pub. Acts ch. 47. Of primary import, was the legislature's replacement of the term "unsound mind" with "adjudicated incompetent." Id. at § 17 (also replacing the phrase "the removal of such disability" with "legal rights are restored").

The parties agree that the current amended version of § 28-1-106 applies in this case because the accident here occurred after July, 2011. They disagree, however, as to the effect of the amendment. Defendant argues that the change represents a shift from a subjective standard to a new objective prerequisite. (D.E. 4-1 at 3.) It suggests that the revised statute clearly now requires that one must actually have been "adjudicated incompetent" at the time a cause of action accrued to take advantage of the extended limitations period. (Id.) TVA insists that because the complaint affirmatively shows that Cobb did not file her complaint within one year and had not met this requirement for tolling at the time of the accident, her claims must be dismissed.

Plaintiff asserts that the change was nothing more than a formal shift in terminology devoid of any legal implication. (D.E. 5 at 9–11.) She states that Defendant's rigid and harsh interpretation of the revised statute must fail as it is unsupported by case law and contrary to the intent of its drafters. (Id.) She discusses the legislative history of the amending bill and suggests that its purpose was to simply replace outmoded and insensitive terminology without affecting legal rights. As evidence, she points to section 107, which states that

> [n]othing in this legislation shall be construed to alter or otherwise affect the eligibility for services or the rights or responsibilities of individuals covered by the provision on the day before the date of enactment of this legislation.

4

2011 Tenn. Pub. Acts ch. 47, § 107.

Unfortunately, while several courts have recognized the change, no Tennessee or federal court has actually addressed the effect of the amendment.[1] For this reason, Plaintiff alternatively argues that the Court should certify this issue of state law to the Tennessee Supreme Court. (D.E. 5 at 10–11); Tenn. Sup. Ct. R. 23 § 1; see BKB Props., L.L.C. v. SunTrust Bank, 453 F. App'x 582, 588 (6th Cir. 2011) ("Under Rule 23, a question of law is eligible for certification where this court determines that (1) there is a question of law that is determinative of the cause, and (2) there is no controlling precedent in Tennessee Supreme Court decisions."). This Court declines to certify the question because the basic principles of statutory interpretation require a finding that the amendment created a new objective standard.[2] See Pennington v. State Farm Mut. Auto. Ins. Co., 553 F.3d 447, 450 (6th Cir. 2009) ("[T]he federal courts generally will not trouble our sister state courts every time an arguably unsettled question of state law comes across our desks. When we see a reasonably clear and principled course, we will seek to follow it ourselves.") (citation and internal quotation marks omitted).

The Tennessee Supreme Court has recently and fully described the methods for interpreting Tennessee statutes:

> When we interpret a statute, we must ascertain and give full effect to the General Assembly's intent. Walker v. Sunrise Pontiac–GMC Truck, Inc., 249 S.W.3d 301, 309 (Tenn. 2008). Our primary concern is to carry out this intent without unduly expanding or restricting the language of the statute beyond the legislature's intended scope. Premium Fin. Corp. of Am. v. Crump Ins. Servs. of Memphis,

---

[1] See, e.g., Myers v. Peoples Bank of Ewing, No. 3:11-CV-380, 2013 WL 5310181, at *2 n.4 (E.D. Tenn. Sept. 19, 2013) (recognizing the amendment and holding that "[r]egardless of which version applies in this case, and even if one standard is stricter than the other, under either version the court's analysis and conclusion remain the same"); Reid ex rel. Martiniano v. State, 396 S.W.3d 478, 493 (Tenn. 2013) cert. denied, __ U.S. __, 134 S. Ct. 224, 187 L. Ed. 2d 167 (2013) (recognizing but not applying amendment); Langford v. Clark, No. M2011-01910-COA-R3-CV, 2012 WL 3608662, at *4 n.2 (Tenn. Ct. App. Aug. 22, 2012), appeal denied (Dec. 14, 2012) (same).

[2] Both parties spend a great deal of time discussing case law applying the pre-July 2011, "unsound mind" version of the statute. Because the Court finds that the amendment created a new standard applicable here, these arguments will not be addressed.

> Inc., 978 S.W.2d 91, 93 (Tenn. 1998). Furthermore, "[w]e presume that every word in a statute has meaning and purpose and should be given full effect if so doing does not violate the legislature's obvious intent." State v. Casper, 297 S.W.3d 676, 683 (Tenn. 2009).
>
> When the statutory language is clear and unambiguous, we apply the plain meaning of the statute. Eastman Chem. Co. v. Johnson, 151 S.W.3d 503, 507 (Tenn. 2004). When the language is ambiguous, however, we look to the "broader statutory scheme, the history of the legislation, or other sources to discern its meaning." Casper, 297 S.W.3d at 683. In doing so, we must also presume that the General Assembly was aware of the state of the law at the time it enacted the statute at issue. Id. Finally, statutes relating to the same subject or having a common purpose should be construed together. Graham v. Caples, 325 S.W.3d 578, 582 (Tenn. 2010) (internal quotation marks omitted).

Westgate Smoky Mountains at Gatlinburg v. Phillips, __ S.W.3d__, No. E2011-02538-SC-R11-CV, 2013 WL 6800358, at *4 (Tenn. Dec. 23, 2013); see also Abels ex rel. Hunt v. Genie Indus., 202 S.W.3d 99, 102 (Tenn. 2006) ("exceptions to a limitations statute in favor of persons under disability should be strictly construed and never extended beyond their plain import").

The revised language in the tolling statute is clear and unambiguous. See Tenn. Code Ann. § 28-1-106. The term "adjudicated incompetent," by any reasonable interpretation, means that the person must have been the subject of a judicial declaration that she was incompetent to handle her own affairs as a matter of law. See Black's Law Dictionary (9th ed. 2009) ("adjudicate" means to "rule upon judicially"). The legislature's use of past tense and the phrase "at the time the cause of action accrued" also clearly require that incompetency be declared *prior* to the injury-causing event. See Amos v. Metro. Gov't of Nashville & Davidson Cnty., 259 S.W.3d 705, 713 (Tenn. 2008) ("This Court recognizes the importance of verb tense in a [statutory] phrase."). Likewise, the use of the phrase "after legal rights are restored" instead of "removal of such disability" evinces a shift from a subjective standard to an objective one. See Casper, 297 S.W.3d at 683 (every word is presumed to have meaning and purpose).

Plaintiff urges the court to look past the clear and definite language of the statute and adopt her broad reading of the legislature's supposed intent. Engaging in a contextual and historical analysis, however, does not lend support for Plaintiff's view of the statute. She suggests that section 107 of the bill explains the General Assembly's desire to merely revamp terminology without recasting legal rights. (D.E. 5 at 10); see 2011 Tenn. Law Pub. ch. 47 § 107. This section does not render the amendment a nullity, but simply explains that the amendment shall not apply retroactively. See Hessmer v. Bad Gov't, No. 3:12-CV-590, 2012 WL 3945315 (M.D. Tenn. Sept. 10, 2012) *report and recommendation approved*, No. 3-12-0590, 2012 WL 5197759 (M.D. Tenn. Oct. 19, 2012) (this language "made it clear that [the statute] applied only to actions that accrued on or after its effective date"). Furthermore, accepting Plaintiff's conclusion that "adjudicated incompetent" is legally indistinct from "unsound mind" does not comport with the legislature's shift from "after the removal of such disability" to "after legal rights are restored." See 2011 Tenn. Law Pub. ch. 47 § 17. One can be of unsound mind or "incompetent" yet have never lost any legal rights subject to restoration.

Thus, the Court finds that the 2011 amendment to Tenn. Code Ann. § 28-1-106 created a new objective standard requiring actual adjudication of incompetency to invoke its application. This interpretation, if it can be considered as such, does not necessarily create a "heightened" or more stringent standard as Plaintiff suggests. Instead, it appears to the Court that the Tennessee General Assembly has simply made a clear decision to abandon a fact-intensive and subjective standard in favor of a bright-line rule.

**C. Plaintiff's Complaint Is Time-Barred**

Plaintiff further argues that even if a new standard was created, she was not required to anticipate and negate this affirmative defense in her pleadings. (D.E. 5 at 8.) Generally, a

7

plaintiff does not have to plead a lack of affirmative defenses, such as the statute of limitations, in order to survive a motion to dismiss. Cataldo v. U.S. Steel Corp., 676 F.3d 542, 547 (6th Cir. 2012); see Fed. R. Civ. P. 8(c)(1) (the statute of limitations is an affirmative defense). However, when "the allegations in the complaint affirmatively show that the claim is time-barred . . . dismissing the claim under Rule 12(b)(6) is appropriate." Id. (citing Jones v. Bock, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007)) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]"). Furthermore, "when [a] court can ascertain from the complaint that the period for bringing the claim has expired, a plaintiff must affirmatively plead an exception to the limitations statute." Reid v. Baker, 499 F. App'x 520, 526 (6th Cir. 2012) (citing Auslender v. Energy Mgmt. Corp., 832 F.2d 354, 356 (6th Cir. 1987) (complaint dismissed for failure to affirmatively plead the application of a tolling statute)).

Plaintiff twice states in her complaint that Cobb is incompetent and subject to the extended time-frame:

> 2. Cobb is incompetent and covered by Tenn. Code Ann. § 28-1-106 as she suffers from dementia.
> 12. Since the accident, the Plaintiff Jean Victoria Cobb is incompetent and subject to Tenn. Code Ann. § 28-1-106 and therefore, this action is timely filed by her Next Friend and power of attorney, Mallardi.

(D.E. 1 at 1–2.) First, the Court points out that these statements are the type of conclusory allegations and formulaic recitations that it is not bound to accept as true. Twombly, 550 U.S. at 555, 127 S. Ct. 1955. However, even if given credence, these statements do not facially satisfy the requirements of section 28-1-106. Plaintiff alleges that Cobb was incompetent by some undisclosed standard, not that she was actually *adjudicated* incompetent as prescribed by the statute. Additionally, neither assertion suggests that Cobb was incompetent by any measure at

the crucial time—the time of the accident. See Tenn. Code Ann. § 28-1-106; Wyatt v. A-Best, Inc., 910 S.W.2d 851, 855 (Tenn. 1995) ("A personal injury cause of action accrues when the plaintiff knows, or in the exercise of reasonable care and diligence should know, that an injury has been sustained.") Instead, they inconsequentially aver that she was incompetent both "since the accident" and currently. (See D.E. 1 at ¶¶ 2, 12.)

Cobb's claims, filed nearly two years after the date of the accident, are clearly untimely under the general one-year statutory period. See Tenn. Code Ann. § 28-3-104(a)(1); Cataldo, 676 F.3d at 547. As previously described, Plaintiff has likewise failed to cure this defect by affirmatively pleading facts allowing her to bring the belated suit under some exception to the limitations period. See Reid, 499 F. App'x at 526. Thus, Defendant's Rule 12(b)(6) motion to dismiss is GRANTED and Cobb's complaint is DISMISSED as time-barred.

IT IS SO ORDERED this 26th day of February, 2014.

                                            s/ J. DANIEL BREEN
                                            CHIEF UNITED STATES DISTRICT JUDGE